UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YANDY REYES,

                            Plaintiff,                      **24-CV-3206 (JGK) (VF)**

           -against-                                   **OPINION AND ORDER**

YAGER ESTHETICS ESTETICA et al.,

                            Defendants.
------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge.**

Before the Court is a motion by Plaintiff Yandy Reyes for leave to amend the complaint to add SolutionReach, Inc. as a defendant and to amend the name of previously named Defendant NewBeauty to NewBeauty Media Group, LLC.[1] See ECF No. 26-1 at 1. For the reasons set forth below, Plaintiff's motion to add SolutionReach, Inc. as a defendant is **GRANTED.**

## BACKGROUND

Plaintiff commenced this action on April 26, 2024, against Yager Esthetics Estetica, Jeffrey S. Yager, and John Does and/or Jane Does (collectively "Defendants"), alleging a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, based on 13 unsolicited text messages sent by Defendants, and a violation of New York General Business Law ("GBL") § 396-AA. See ECF No. 1 at ¶¶ 1, 10-22, 58-60. On October 1, 2024, this Court entered a scheduling order pursuant to Rule 26(f) of the Federal Rules of Civil Procedure that set a deadline of January 15, 2025, for Plaintiff to file any motions to join new parties or to amend the complaint. See ECF No. 23 at 4. Plaintiff timely filed the present motion to amend on

---

[1] Since the filing of this motion, Plaintiff reached a settlement with NewBeauty Media Group, LLC, and voluntarily dismissed all claims as against that entity. See ECF Nos. 33-34.

January 15, 2025. See ECF No. 26. Defendants Yager Esthetics Estetica and Jeffrey S. Yager have not opposed or otherwise objected to Plaintiff's motion.

## LEGAL STANDARD

A party may amend its complaint without leave of court up to 21 days after the service of either a responsive pleading or certain motions under Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(1). After that time has run, amendment requires the consent of the opposing parties or leave of court. Fed. R. Civ. P. 15(a)(2). If the amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure comes into play, and it allows the addition of a party "at any time, on just terms." Fed. R. Civ. P. 21.

Under Rule 15, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 21 "creates no additional obstacle," and the showing required under Rule 15 for amendment is the same showing necessary under Rule 21 to add a party. Soroof Trading Dev. Co. v. GE Microgen, Inc., 283 F.R.D. 142, 147 (S.D.N.Y. 2012). Under both Rule 15 and Rule 21, leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility[.]" Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275, 283 (2d Cir. 2000); see also Oliver v. City of New York, No. 19-CV-2321 (MKV) (KHP), 2021 WL 8013766, at *3 (S.D.N.Y. Nov. 10, 2021), report and recommendation adopted, 2022 WL 633873 (S.D.N.Y. Mar. 4, 2022); Chartwell Therapeutics Licensing LLC v. Citron Pharma LLC, No. 16-CV-3181 (MKB) (CLP), 2019 WL 12518711, at *3 (E.D.N.Y. Nov. 20, 2019) ("The same standards that are used when considering motions to amend under Rule 15 have been applied to motions under Rule 21.").

If a pretrial scheduling order sets a deadline by which a party must move to amend, and a party seeks to amend after that deadline, Rule 16 of the Federal Rules of Civil Procedure requires that the party demonstrate "good cause for [the] untimely amendment." Soroof Trading Dev. Co., 283 F.R.D. at 147; see also Fed. R. Civ. P. 16(b)(4) (stating that a scheduling order "may be modified only for good cause"). Rule 16, however, does not apply here because Plaintiff filed his motion within the deadline set by the Court's scheduling order. See Soroof Trading Dev. Co., 283 F.R.D. at 147-48 (explaining that where a motion to amend "is timely filed, only Rule 15's liberal standard governs").

## DISCUSSION

Beginning with undue delay, "[c]ourts typically find that the moving party did not *unduly* delay when leave to amend is sought within the deadline stipulated to by the parties and approved by the Court in a scheduling order." Ap-Fonden v. Goldman Sachs Grp., Inc., No. 18-CV-12084 (VSB) (KHP), 2023 WL 4865617, at *4 (S.D.N.Y. July 31, 2023) (emphasis in original); see also Puchalski v. FM Construction, Inc., No. 18-CV-1596 (SJB), 2020 WL 6727777, at *10 (E.D.N.Y. Nov. 16, 2020) (concluding that there was no undue delay where plaintiff filed motion to amend before the court's deadline). As discussed, Plaintiff filed the instant motion by the deadline set by the Court in the scheduling order. There thus was no undue delay by Plaintiff in seeking to amend his complaint.

Next, there are no allegations that Plaintiff has acted in bad faith or that amendment will cause undue prejudice to Defendants. To the contrary, Defendants have not opposed Plaintiff's motion. Additionally, Plaintiff has acted diligently in seeking to amend to add SolutionReach, Inc. as a defendant. As Plaintiff explains, the identity of SolutionReach, Inc.—who, according to Plaintiff, acted with Defendant Yager in causing the unauthorized calls at

3

issue—was known to Defendant Yager but only disclosed to Plaintiff on January 14, 2025. See ECF No. 26-2 at 1. Plaintiff filed the instant motion the day after learning of the identity of SolutionReach, Inc. See ECF No. 26.

Moreover, granting Plaintiff leave to amend to add SolutionReach, Inc. will not "significantly delay the resolution of the dispute" because the case has not progressed beyond the initial stages of discovery. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Lastly, by not opposing the proposed amendment, Defendants have presented "no basis" to conclude that the addition of SolutionReach, Inc. as a defendant would be "futile" or otherwise improper. Hallmark Licensing, LLC v. Dickens, Inc., No. 17-CV-2149 (LDW) (AYS), 2017 WL 11519162, at *2 (E.D.N.Y. Oct. 16, 2017).

In short, Plaintiff has amply demonstrated that he is entitled to amend the complaint under Rules 15 and 21 to add SolutionReach, Inc. as a party. See Banco Cent. Del Paraguay v. Paraguay Humanitarian Found., Inc., No. 01-CV-9649 (JFK) (FM), 2003 WL 21543543, at *2-4 (S.D.N.Y. July 8, 2003) (granting plaintiff's motion to amend to add a party under Rule 21 where the amendment was neither unduly delayed nor sought in bad faith, would not result in prejudice to the opposing party, and would not be futile).

## **CONCLUSION**

For the reasons stated above, Plaintiff's motion for leave to file an amended complaint is **GRANTED**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 26.

**SO ORDERED**

DATED:    New York, New York
              April 21, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge